UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN OCHOA, JR., Plaintiff, v. COSTCO WHOLESALE CORPORATION, et al., Defendants. | No. 2:26-cv-00322-DC-AC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION TO DISMISS AS MOOT<br><br>(Doc. Nos. 6, 16) |

This matter is before the court on Plaintiff's motion to remand this action to the San Joaquin County Superior Court. (Doc. No. 16.) The hearing on the pending motion was vacated by the previously assigned district judge. (Doc. No. 21.) For the reasons explained below, the court will grant Plaintiff's motion to remand and deny Defendant Costco Wholesale Corporation's motion to dismiss as having been rendered moot by this order.

**BACKGROUND**

On December 15, 2025, Plaintiff Juan Ochoa, Jr., filed this action in the San Joaquin County Superior Court against his employer, Defendant Costco Wholesale Corporation ("Costco"), Costco manager Jesse Johnson, and employees "Luis" and "Ricky," whose last names are unknown to Plaintiff (collectively, the "Individual Defendants"). (Doc. No. 1-3.) Plaintiff asserts the following claims against Defendant Costco: (1) discrimination in violation of the

California Fair Employment and Housing Act ("FEHA"); (2) harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (5) failure to accommodate in violation of FEHA; (6) failure to engage in the interactive process in violation of FEHA; and (7) retaliation in violation of California Labor Code § 1102.5. (*Id.*) Plaintiff also asserts a claim for harassment in violation of FEHA against the Individual Defendants. (*Id.*)

In his complaint, Plaintiff alleges the following. Plaintiff has worked at Costco since April 12, 2013. (*Id.* at ¶ 9.) Plaintiff suffers from multiple sclerosis, which Defendant Costco allegedly has been aware of since 2016. (*Id.* at ¶ 10, 11.) In December 2024, Defendant Johnson and another Costco manager allegedly instructed Plaintiff to work in the coolers, despite being aware that Plaintiff suffers from multiple sclerosis which limits his ability to work in cold temperatures. (*Id.* at ¶ 13.) After Plaintiff informed Defendant Johnson that he was not supposed to work in the coolers, Defendant Johnson allegedly responded, "You can't work the coolers? It's just as cold outside!" (*Id.* at ¶ 14.) Plaintiff alleges that symptoms of his multiple sclerosis flared up due to working in the coolers, causing him to take several days off work. (*Id.* at ¶ 15.) In a separate incident on February 6, 2025, Defendant Costco allegedly assigned Plaintiff to work in "the box." (*Id.* at ¶ 16.) The cold temperatures in "the box" allegedly caused Plaintiff's multiple sclerosis symptoms to flare up, requiring him to take additional time off work. (*Id.*) Plaintiff alleges that Costco employees, including Defendants Luis and Ricky, teased and harassed him due to his multiple sclerosis and related restrictions. (*Id.* at ¶ 17.) Plaintiff alleges that on June 14, 2025, Defendants Luis and Ricky mocked Plaintiff, stating, "Oh, is it getting too cold for you?" and "Can you go outside or is it too cold?" (*Id.* at ¶ 18.) Plaintiff also alleges that after he reported this behavior to another Costco manager, Defendants Luis and Rick "have since maliciously ignored [Plaintiff]." (*Id.*) Plaintiff asserts that the Individual Defendants are thus liable for harassment. (*Id.* at ¶ 30.)

Defendant Costco, a Washington corporation (Doc. No. 1-3 at ¶ 2), filed a notice of removal on December 15, 2025, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1.) At the time Costco filed the notice of removal, none of the Individual

Defendants had been served. (*Id.* at ¶ 9.)

On February 12, 2026, Defendant Costco filed a motion to dismiss this action.[1] (Doc. No. 6.) Plaintiff filed his opposition to Defendant Costco's motion to dismiss on February 26, 2026. (Doc. No. 15.) Defendant Costco filed its reply thereto on March 9, 2026. (Doc. No. 17.)

On March 6, 2026, Plaintiff filed the pending motion to remand. (Doc. No. 16.) Defendant Costco filed its opposition to Plaintiff's motion to remand on March 20, 2026.[2] (Doc. No. 18.) Plaintiff filed his reply thereto on March 30, 2026. (Doc. No. 19.)

## LEGAL STANDARD

### A. Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).

Removal to federal court is proper when a case filed in state court poses a federal question or where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal

---

[1] Defendant Costco also filed a request for judicial notice with its motion to dismiss. (Doc. No. 6-2.) Because Defendant Costco's pending motion to dismiss will be denied as having been rendered moot by this order, the court will also deny Defendant Costco's request for judicial notice (Doc. No. 6-2) as moot.

[2] Defendant Costco also filed a request for judicial notice of: (i) the operative complaint in this matter; and (ii) an order denying Plaintiff's motion to remand issued on April 7, 2023, in a related case, *Juan Ochoa, Jr. v. Costco Wholesale Corporation, et al.,* No. 2:22-cv-02287-DC-AC. (Doc. No. 18-1). Because the operative complaint was already filed with Defendant Costco's notice of removal as required (Doc. No. 1-3), the court need not take judicial notice of the complaint. In addition, the court need not take judicial notice of the court's order in Plaintiff's related case because the court may already consider court orders as legal precedent. *See Lucero v. Wong,* No. 10-cv-1339-SI, 2011 WL 5834963 (N.D. Cal. Nov. 21, 2011) ("It is unnecessary to request that the court judicially notice published cases from California and federal courts as legal precedent; the court routinely considers such legal authorities in doing its legal analysis without a party requesting that they be judicially noticed"); *BP West Coast Products LLC v. May,* 347 F. Supp. 2d 898, 901 (D. Nev. 2004) (responding to a request for judicial notice of another court's decision by stating that the court could "take this case into account as non-binding precedent"). Thus, the court will deny Defendant Costco's request for judicial notice. (Doc. No. 18-1).

jurisdiction by a preponderance of the evidence. *Hamsen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 4, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

**B. Fraudulent Joinder**

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare,* 889 F.3d at 548 (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). There are two ways to show fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal citations omitted). If there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants," the court must find that a defendant was properly joined and remand the case to state court. *Grancare*, 889 F.3d at 549 (citing *Hunter*, 582 F.3d at 1046).

The party opposing remand bears a "heavy burden" of proving fraudulent joinder, and

there is a presumption against fraudulent joinder. *Hunter*, 582 F.3d at 1044. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The court must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Cosby v. Autozone, Inc.*, No. 2:08-cv-505-DAD-LKK, 2008 WL 2875355, at *2 (E.D. Cal. July 23, 2008). "[T]he test for fraudulent joinder and for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* Further, "[r]emand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency." *Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *2 (E.D. Cal. Dec. 8, 2020) (citing *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

**ANALYSIS**

In the pending motion, Plaintiff argues remand is proper because Plaintiff and the Individual Defendants are all California citizens, and Defendant Costco fails to prove the Individual Defendants are fraudulently joined.[3] (Doc. No. 16 at 5–6.) In removing this action and opposing remand, Costco argues the Individual Defendants cannot be found liable for harassment as a matter of law. (Doc. Nos. 1 at ¶¶ 11–17; 18 at 8–11.) Costco argues the Individual Defendants are thus "fraudulently" joined "sham" defendants whose California citizenship should be disregarded for purposes of diversity jurisdiction. (Doc. Nos. 1 at ¶ 12; 18 at 2.)

---

[3] Plaintiff also argues in the pending motion that remand is required because Defendant Costco fails to establish that the amount in controversy requirement is met and because Defendant Costco improperly removed this action under 28 U.S.C. § 1441(b)(2) using "snap removal." (Doc. No. 16 at 2–5.) Because the court finds the non-diverse defendants were not fraudulently joined and remand is proper on that basis alone, the court does not address the amount in controversy or the propriety of snap removal in this case. *See Serrato v. WestRock Servs., LLC*, No. 1:26-cv-01345-KES-EPG, 2026 WL 1045690, at *4 (E.D. Cal. Apr. 17, 2026), *report and recommendation adopted*, No. 1:26-cv-01345 KES EPG (PC), 2026 WL 1257844 (E.D. Cal. May 7, 2026) (finding that snap removal applies only to cases subject to diversity jurisdiction); *Carrick v. Peloton Interactive, Inc.*, No. 24-cv-00212-PCP, 2024 WL 3378332, at *3 (N.D. Cal. July 10, 2024) (noting that complete diversity is required even where snap removal is available).

To establish a prima facie case of harassment, Plaintiff must show that (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his protected status; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment. *Galvan v. Dameron Hosp. Ass'n*, 37 Cal. App. 5th 549, 563 (2019). "Whether a work environment is reasonably perceived as hostile or abusive 'is not, and by its nature cannot be, a mathematically precise test.'" *Bailey v. S.F. Dist. Att'y's Off.*, 16 Cal. 5th 611, 628 (2024) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993)). "The working environment must be evaluated in light of the totality of the circumstances." *Bailey*, 16 Cal. 5th at 628 (citation omitted). These circumstances "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. Actionable harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* at 629 (quoting *Harris*, 510 U.S. at 21). An isolated incident of harassment, if extremely serious, can create a hostile work environment. *Id.*

Here, Plaintiff alleges he suffers from multiple sclerosis that limits major life activities (Doc. No. 1-3 at ¶ 10), and he thus alleges facts to show that he is a member of a protected class because he has a physical disability. *See* Cal. Gov't Code § 12926.1(c) (determining that multiple sclerosis is a "physical disability" under FEHA). Moreover, Plaintiff's allegations that the Individual Defendants mocked him because of work limitations related to his disability set forth facts tending to show that Plaintiff was subjected to unwelcome harassment based on his disability. (Doc. No. 1-3 at ¶¶ 14, 17, 18.)

Defendant Costco contends, however, that the Individual Defendants' alleged harassing conduct is not "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." (Doc. No. 18 at 10.) Specifically, Defendant Costco contends the Individual Defendants made isolated "teasing" comments that are not extreme and thus cannot give rise to a harassment claim. (*Id.*)

The Individual Defendants' comments, standing alone, likely do not rise to the level of "extreme" conduct that courts find sufficient to be actionable harassment. *See, e.g., Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (finding a single incidence of "intimidating behavior" not sufficiently severe to constitute hostile work environment); *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 911 (E.D. Cal. 2017) (finding sporadic offensive statements of a sexual nature insufficiently severe to support harassment claim); *cf. Bailey*, 16 Cal. 5th at 634 (finding that the single use of an unambiguous racial epithet created a triable issue whether the comment was sufficiently severe for harassment claim). But an employer's discriminatory conduct can also contribute to a hostile work environment, even where harassing comments are not extreme. *See Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 941 (2017) (holding that a supervisor's harassing comments "must be viewed in context" with an employer's other conduct when determining whether harassment is severe or pervasive). Thus, whether the Individual Defendants can be liable for harassment depends not only on the Individual Defendants' alleged comments, but also on Defendant Costco's alleged discriminatory conduct.

In *Cornell*, a plaintiff sued her former employer for harassment based on her disability, alleging that her supervisor made a handful of "hurtful" comments mocking her weight. *Id.* at 918, 940. The trial court entered summary adjudication in favor of the defendant employer. *Id.* at 918, 924. The appellate court reversed summary adjudication because triable issues of material fact existed as to whether the harassment was sufficiently severe or pervasive. *Id.* at 941. The appellate court found that "four comments over several months" did not establish a pattern of routine harassment creating a hostile work environment, "particularly given the comments were not extreme." *Id.* at 940. Nevertheless, that court found that the supervisor's harassing comments, considered together with the employer's allegedly discriminatory conduct, could support a harassment claim. *Id*. at 941. The court reasoned that the employer's alleged actions— ordering the plaintiff uniforms that were significantly too small, reporting her for resisting uniform policy, and denying her internal job opportunities—could be "interpreted as enforcing the negative weight-based message [the supervisor's] comments conveyed." *Id.* The court noted that while FEHA harassment and discrimination are distinct claims, "'some official employment actions

done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message,' supporting a harassment claim." *Id.* (quoting *Roby v. McKesson Corp*., 47 Cal.4th 686, 709 (2009)).

Here, viewed in context with Defendants' other alleged conduct, the Individual Defendants' comments could possibly support a harassment claim. Plaintiff's allegations that Defendant Johnson ordered Plaintiff to work in the coolers, despite being aware of Plaintiff's multiple sclerosis could be interpreted as conveying a hostile message. Further, Plaintiff's allegation that Defendant Johnson mocked Plaintiff about the cold temperatures after Plaintiff informed Defendant Johnson of Plaintiff's disability-related work restrictions supports an inference that requiring Plaintiff to work in the coolers enforced the hostile message Defendant Johnson's alleged comments conveyed. Indeed, Defendant Costco allegedly discriminated against Plaintiff by subsequently requiring him to work in cold temperatures in "the box," which also supports an inference that Defendant Costco enforced the hostile message behind the Individual Defendants' alleged comments. Taken together, Defendants' alleged actions and the Individual Defendants' alleged comments raise the possibility that the harassment was pervasive or severe. Thus, despite the sporadic and seemingly non-extreme nature of the Individual Defendants' alleged comments when considered in isolation, the facts alleged in the complaint, taken together, could possibly support a harassment claim, as illustrated in *Cornell*.

In sum, Defendant Costco has not shown by clear and convincing evidence that there is no possibility a state court would find that the complaint states a cause of action for harassment against any of the Individual Defendants. Therefore, the Individual Defendants are not "sham" defendants. Because Plaintiff and the Individual Defendants are California citizens, there is not complete diversity of citizenship as is required under 28 U.S.C. § 1332.

Thus, the court will grant Plaintiff's motion to remand and deny as moot Defendant Costco's motion to dismiss this action.

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motion to remand this action to the San Joaquin County Superior Court

(Doc. No. 16) is GRANTED;

2. Defendant's request for judicial notice (Doc. No. 18-1) is DENIED;

3. Defendant's motion to dismiss (Doc. No. 6) is DENIED as having been rendered moot by this order;

4. Defendant's request for judicial notice (Doc. No. 6-2) is DENIED as having been rendered moot by this order;

5. This matter is remanded to the San Joaquin County Superior Court, pursuant to 28 U.S.C. § 1447(c); and

6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 27, 2026**

Dena Coggins
United States District Judge